

THE ATTORNEY GENERAL

OF TEXAS

Austin, Texas 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 4, 1971

Hon. William B. Mobley, Jr.          Opinion No. M- 784
District Attorney
Nueces County Courthouse          Re: Purposes for which fees
Corpus Christi, Texas 78401              collected pursuant to
                                         Article 42.12(6a),
                                         Texas Code of Criminal
                                         Procedure, may be used,
Dear Mr. Mobley:                         and related questions.

        Your recent letter requesting the opinion of this
office concerning the referenced matter poses the following
questions:

        "I.  What does 'for use in administering
the probation laws' mean with regard to distri-
bution of fees pursuant to Art. 42.12, Sec. 6a,
Texas Code of Criminal Procedure?

        "II.  With regard to the collection and
distribution of fees under the probation law,
do such fees have to be deposited in the county
general fund and disbursed therefrom as other
county funds?

        "III.  Is it permissible for the Probation
Department to establish a special trust account
and for the Judge only to authorize certain ex-
penditures from such account without first de-
positing such funds in the county general fund?"

        Section 6a of Article 42.12 of the Texas Code of
Criminal Procedure, also known as the Adult Probation and
Parole Law, provides as follows:

        "(a) A court granting probation may fix a
fee not exceeding $10 per month to be paid to
the court by the probationer during the probationary

-3819-

period.  The court may make payment of the fee a condition of granting or continuing the probation.

"(b) The Court shall distribute the fees received under Subsection (a) of this section to the county or counties in which the court has jurisdiction for use in administering the probation laws. In instances where a district court has jurisdiction in two or more counties, the court shall distribute the fees received to the counties in proportion to population . . ."   (Emphasis added.)

Section 10 of Article 42.12 provides, in part, as follows:

"For the purpose of providing adequate probation services, the district judge or district judges having original jurisdiction of criminal actions in the county or counties, if applicable, are authorized, with the advice and consent of the commissioners court as hereinafter provided, to employ and designate the titles and fix the salaries of probation officers, and such administrative, supervisory, stenographic, clerical, and other personnel as may be necessary to conduct pre-sentence investigations, supervise and rehabilitate probationers, and enforce the terms and conditions of probation.  Only those persons who have successfuly completed education in an accredited college or university and two years full time paid employment in responsible probation or correctional work with juveniles or adults, social welfare work, teaching or personnel work; or persons who are licensed attorneys with experience in criminal law; or persons who are serving in such capacities at the time of the passage of this Article . . . shall be eligible for appointments as probation officers . . .

" . . .

"Where more than one probation officer is required, the judge or judges shall appoint a chief adult probation officer or director, who,

-3820-

with their approval, shall appoint a sufficient
number of assistants and other employees to carry
on the professional, clerical, and other work of
the court.

"  o  o  o

"Probation officers shall be furnished trans-
portation, or alternatively, shall be entitled to
an automobile allowance for use of personal auto-
mobile on official business, under the same terms
and conditions as is provided for sheriffs.

"The salaries of personnel, and other expenses
essential to the adequate supervision of probationers,
shall be paid from the funds of the county . . . In
all the instances of the employment of probation
officers, the responsible judges . . . are authorized
to accept grants or gifts from other political sub-
divisions of the state or associations and foundations,
for the sole purpose of financing adequate and effect-
ive probationary programs in the various parts of the
state. For the purposes of this Act, the municipali-
ties of this state are specifically authorized to grant
and allocate such sums of money as their respective
governing bodies may approve to their appropriate
county governments for the support and maintenance
of effective probationary programs . . ." (Emphasis
added.)

We are of the opinion that the phrase "for use in
administering the probation laws," as found in Subsection (b)
of Section 6a, supra, must be liberally construed, and con-
sidered in connection with the purpose of the Adult Probation
and Parole Law -the maintenance of effective probationary
programs (cf. the underscored portions of Section 10, supra).

Accordingly, you are advised that it is the opinion
of this office that fees permitted to be collected pursuant to
Article 42.12(6a), Texas Code of Criminal Procedure, may be
distributed for the following purposes, inter alia: salaries
of probation officers, secretaries and other office personnel;

-3821-

probation office expenses; auto travel allowances for probation officers; and bona fide educational training expenses for probation officers (including registration fees, travel, and subsistence expenses while attending seminars or taking academic training at colleges or universities or other appropriate institutions which sponsor courses of study or training relevant to the education and training of probation officers). The foregoing purposes are authorized by, and within the scope of, the Adult Probation and Parole Law.

In regard to your second and third questions, we are unable to find any statutory authorization for a court or probation department's establishing a "special trust account" in which such fees would be deposited.

Subsection (b) of Section 6a, supra, expressly states that, "The Court shall distribute the fees received . . . to the county . . . for use in administering the probation laws" (Emphasis added.). In view of this statutory mandate, we are of the opinion that such fees must be deposited by the county in a special trust fund or in the general fund earmarked for the statutory purposes subject to being disbursed therefrom in the same manner as other county funds, for the purposes set forth hereinabove.

## S U M M A R Y

(1) Fees permitted to be collected pursuant to Article 42.12(6a), Texas Code of Criminal Procedure, may be distributed for the following purposes, inter alia: salaries of probation officers, secretaries, and other office personnel, probation office expenses; auto travel allowances for probation officers, and bona fide educational training expenses for probation officers (including registration fees, travel, and subsistence expenses while attending seminars or taking academic training at colleges or universities or other appropriate institutions which sponsor courses of study or training relevant to the education and training of probation officers).

(2) Upon the receipt of such fees by a court, it shall distribute such fees to the county; such fees may be thereafter disbursed in the same manner as other county funds for the purposes set forth in item (1), supra.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Bill Craig
Larry Craddock
Bob Lattimore
Max Hamilton

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant